AO 241(Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT
## OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Middle | |
|---|---|---|
| Name: Keith J. Odom | | Docket or Case No.:<br><br>8:23cv 458 MSS TGW |
| Place of Confinement :<br>Century Correctional Institution<br>400 Tedder Road, Century, FL 32535-3700 | Prisoner No.: 395623 | |
| Petitioner:<br><br>KEITH J. ODOM                    v. | Respondent:<br><br>RICKY DIXON, Secretary FDOC | |
| The Attorney General of the State of Florida: Hon. Ashley Moody | | |

### PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

**The 10th Judicial Circuit in and for Polk County, State of Florida**

(b) Criminal docket or case number (if you know): **2012-CF-000817**

2.    (a) Date of the judgment of conviction (if you know): **September 11, 2018**

(b) Date of sentencing: **September 21, 2018**

3.    Length of sentence: **30 years plus 10 years probation**

4.    In this case, were you convicted on more than one count or of more than one crime?  **Yes**

5.    Identify all crimes of which you were convicted and sentenced in this case:

**Count one- Fla. Stat §800.04 Lewd and Lascivious**

**Count two- Fla. Stat §800.04- Lewd and Lascivious**

6.    (a) What was your plea?

**Not guilty**

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you

plead guilty to and what did you plead not guilty to?  **N/A**

(c) If you went to trial, what kind of trial did you have?  **Jury**

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?  **No**

8.    Did you appeal from the judgment of conviction?  **Yes**

AO 241(Rev. 09/17)

9.      If you did appeal, answer the following:

      (a) Name of court: **Second District Court of Appeal**

      (b) Docket or case number (if you know): **2D18-4034**

      (c) Result: **Denied/Affirmed**

      (d) Date of result (if you know): **October 23, 2019**

      (e) Citation to the case (if you know): **N/A**

      (f) Grounds raised: **N/A**

      (g) Did you seek further review by a higher state court?   **No**

           If yes, answer the following: **N/A**

           (1) Name of court: **N/A**

           (2) Docket or case number (if you know): **N/A**

           (3) Result: **N/A**

           (4) Date of result (if you know): **N/A**

           (5) Citation to the case (if you know): **N/A**

           (6) Grounds raised: **N/A**

      (h) Did you file a petition for certiorari in the United States Supreme Court?   **No**

           If yes, answer the following:

           (1) Docket or case number (if you know): **N/A**

           (2) Result: **N/A**

           (3) Date of result (if you know): **N/A**

           (4) Citation to the case (if you know): **N/A**

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   **Yes**

11.     If your answer to Question 10 was "Yes," give the following information:

      (a)     (1) Name of court: **10th Judicial Circuit, Polk County, Florida**

           (2) Docket or case number (if you know): **2017-CF-000817-XX**

           (3) Date of filing (if you know): **N/A**

           (4) Nature of the proceeding: **Post-Conviction Fla. Stat. Rule 3.800**

           (5) Grounds raised: **Motion to Modify Sentence no grounds**

AO 241(Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?  **No**

(7) Result: **Denied**

(8) Date of result (if you know): **Mandate December 19, 2019**

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: **10ᵗʰ Judicial Circuit**

(2) Docket or case number (if you know): **2017-CF-000817**

(3) Date of filing (if you know): **November 15, 2021**

(4) Nature of the proceeding: **Post-Conviction Fla. Stat. Rule 3.850**

(5) Grounds raised: **(1) Ineffective Assistance of Counsel failing to object to prosecutorial misconduct; (2) ineffective assistance for failing to impeach witnesses; (3) Counsel was ineffective for failing to question the creditability of prosecutor's witness; (4) Counsel's assistance was not effective when he failed to move to suppress DNA evidence; (5) Counsel was ineffective for failing to move for a new trial; (6) Counsel assistance was not effective for failing to ask logical questions during cross-examination; (7) Counsel failed to object and challenge on illegal conviction and sentence; (8) Trial Counsel's assistance was not effective when he misadvised Defendant about testifying on his own behalf; (9) Counsel was ineffective when he failed to remove law enforcement juror; (10) Counsel was not effective for failing to object to court error during closing argument; (11) Counsel was ineffective for failing to object child hearsay admissibility; (12) Trial Counsel's assistance was not effective for cumulative error.**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?  **No**

(7) Result: **Denied**

(8) Date of result (if you know): **April 5, 2022**

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: **N/A**

(2) Docket or case number (if you know): **N/A**

(3) Date of filing (if you know): **N/A**

(4) Nature of the proceeding: **N/A**

(5) Grounds raised: **N/A**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?  **N/A**

(7) Result: **N/A**

AO 241(Rev. 09/17)

(8) Date of result (if you know): **N/A**

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:  **No**

    (2) Second petition:  **Yes**

    (3) Third petition:  **N/A**

(e) If you did not appeal to the highest court having jurisdiction, explain why you did not:

**It is prohibited by law to appeal a "Motion to Modify" sentence pursuant to Fla. Stat. Rule 3.800(c)**

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

    **DEFENDANT/PETITIONER, IS CLAIMING THAT HIS COUNSEL, MR. KEVIN COX, DID NOT PROVIDE HIM WITH ASSISTANCE THAT WAS EFFECTIVE WHEN HE FAILED TO OBJECT TO PROSECUTORIAL MISCONDUCT WHEN THE STATE ATTORNEY MADE UNTRUTHFUL AND INCONSISTENT STATEMENTS DURING HER OPENING STATEMENT AND HE FAILED TO PRESERVE THE ERROR FOR APPELLATE REVIEW BY PROPER OBJECTION AND MOTION FOR NEW TRIAL AT THE TRIAL LEVEL PROCEEDINGS.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    **The Defendant/Petitioner is claiming his U.S. Constitutional rights have been violated according to the 6th and 14th Amendments due process laws when State Attorney, Ms. M. Tondreault, made inconsistent statements that were untrue in her opening arguments, whether deliberately or unintentionally, it contaminated the truth of the medical examination performed by Dr. Donna Brisitkul, which could also have tainted the judgment of the jurors who have no knowledge of the law, ultimately depriving, Mr. Odom (Petitioner), of a fair trial. And Mr. Cox failed to preserve the error for Appellate review by proper objection and motion for new trial at the end of the trial level process**

(b) If you did not exhaust your state remedies on Ground One, explain why: **N/A**

(c)    **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?  **No**

AO 241(Rev. 09/17)

(2) If you did not raise this issue in your direct appeal, explain why: **Direct Appeal Attorney failed to raise this issue, no fault of the Defendant/Petitioner**

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? **Yes**

(2) If your answer to Question (d)(l) is "Yes," state: Type of motion or petition:

Type of motion or petition: **Post-Conviction Rule 3.850 Fla. Stat.**

Name and location of the court where the motion or petition was filed: **10th Judicial Circuit Court in and for Polk County, Florida**

Docket or case number (if you know): **2017-CF-000817**

Date of the court's decision: **April 5, 2022**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition? **No**

(4) Did you appeal from the denial of your motion or petition **Yes**

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? **Yes**

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal filed: **Second District Court of Appeal, Lakeland, Florida**

Docket or case number (if you know): **2D22-1525**

Date of the court's decision: **November 16, 2022**

Result (attach a copy of the court's opinion or order, if available): **Denied as PCA**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **N/A**

**GROUND TWO:**

> <u>**PETITIONER IS CLAIMING THAT HIS ATTORNEY'S ASSISTANCE WAS INEFFECTIVE BECAUSE HE DID NOT OBJECT AND MOVE TO IMPEACH THE WITNESSES AFTER THEIR TESTIMONIES WERE INCONSISTENT AND HE FAILED TO INCLUDE THE INCONSISTENT TESTIMONIES DURING CLOSING ARGUMENT**</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Odom's 6th and 14th Amendment rights to the U.S. Constitution have been violated, under an ineffective assistance of counsel claim. Petitioner/Defendant, must fall under a two-test prong to determine whether the Petitioner's 6th Amendment due process right to a fair trial has been violated. The first prong of the Strickland analysis re-

AO 241(Rev. 09/17)

quires a showing of a deficient performance in which Odom's attorney's performance would be considered deficient if the State would agree that his attorney failed to object to the witnesses inconsistent testimonies (victim Mykia Smith and brother Amyrion Smith), and to move to impeach the witnesses inconsistent testimonies which would have been favorable to the defense. The second prong is that the deficiency performance caused the defense and the Petitioner (Odom), to be prejudiced by the jury and the court because Odom was deprived of telling a complete and truthful testimony of his own. Had the jury and the court heard a complete story with the inconsistent testimonies and showed that Odom was in fact telling the truth about being allowed to be around the victim even after he was accused of this crime, the jury would have been able to make a more reasonable determination concerning trial court deliberations and decisions including sentencing.

The Sixth Amendment requires not merely the provisions of counsel to the accused, but "assistance" which is to be for his defense. Thus the core purpose of the counsel guarantee was to assure assistance at trial, when the accused was confronted with both the intricacies of the law and the advocacy of the public prosecutor.

(b) If you did not exhaust your state remedies on Ground Two, explain why: **N/A**

(c)      **Direct Appeal of Ground Two:**

         (1) If you appealed from the judgment of conviction, did you raise this issue?  **No**

         (2) If you did not raise this issue in your direct appeal, explain why: **Appellant Counsel failed to raise this issue**

**(d) Post-Conviction Proceedings:**

         (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  **Yes**

         (2) If your answer to Question (d)(l) is "Yes," state: Type of motion or petition:

            Type of motion or petition: **Post-Conviction Fla.R.Crim.P. 3.850**

            Name and location of the court where the motion or petition was filed: **10th Judicial Circuit Court, Polk County, Florida**

            Docket or case number (if you know): **2017-CF-000817**

            Date of the court's decision: **April 5, 2022**

            Result (attach a copy of the court's opinion or order, if available): **Denied**

         (3) Did you receive a hearing on your motion or petition?  **No**

         (4) Did you appeal from the denial of your motion or petition?  **Yes**

         (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  **Yes**

         (6) If your answer to Question (d)(4) is "Yes," state:

            Name and location of the court where the appeal filed: **Second District Court of Appeal Lakeland, Florida**

            Docket or case number (if you know): **2D22-1525**

            Date of the court's decision: **November 16, 2022**

            Result (attach a copy of the court's opinion or order, if available): **Denied as PCA**

         (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

Page 7 of 24

AO 241(Rev. 09/17)

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground Two: **N/A**

**GROUND THREE:**

<u>**THE PETITIONER/DEFENDANT, IS CLAIMING THAT HIS ATTORNEY'S ASSIS-**</u>
<u>**TANCE WAS INEFFECTIVE BECAUSE DEFENSE COUNSEL MR. COX, FAILED TO**</u>
<u>**QUESTION THE CREDIBILITY OF THE VICTIM'S MOTHER BECAUSE IT WAS**</u>
<u>**CHILD NEGLIGENCE TO LEAVE A 12 YEAR OLD, AND A 9 YEAR OLD, AT HOME**</u>
<u>**LATE NIGHT UNSUPERVISED**</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Odom's 6th and 14th Amendment due process rights were violated according to the U.S. Constitution when Mr. Cox failed to question the character and credibility of the victim's mother to show where her testimony was untruthful to help cover up the facts that she is a negligent mother and could also be very vindictive towards Mr. Odom.

According to Trial Court Transcripts, the victim's mother, Marquita Figurs, testified that she worked 2 jobs at the time and would leave the kids at home by themselves frequently, or with her sister and Mr. Odom had keys to come over there to check on them. These are serious crimes and victims in these cases do suffer from these kind of case but in all truth, it is fair to say that a good majority of these "accusations" do result from child neglect and should be taken into consideration that the victim's mother does accept a certain amount of accountability, as this could have been avoided if there was a responsible adult left at home to watch over the children.

Even though Mr. Cox may have thought that this was not an important strategy and thus the reason he chose not to pursue this defense, the truth remains he failed Mr. Odom because he chose not to defend his character by attacking the character and credibility of Mykia Smith's mother. It is obvious on the face that the mother displayed negligent tendencies that should have been addressed by the defense because it would have revealed to the jury another side to the testimony in order to bring out more truths and understandings of what "really" happened. The mother testified of frequently leaving the children home by themselves but no questions were asked about other people having knowledge about the child being home by themselves. Mykia Smith herself has friends, or even relatives that she could have told them she was going be home by themselves. Mykia Smith could have told the court about a boyfriend who always come over whenever her mother goes to work.

There was a door that was displayed for the defense counsel to open and he chose not to open it. Any reasonable attorney should have and would have opened that door because by opening that door would have revealed secrets that were being hidden by the prosecution's witness, Mykia Smith, and her mother.

(b) If you did not exhaust your state remedies on Ground Three, explain why: **N/A**

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    **No**

(2) If you did not raise this issue in your direct appeal, explain why: **Appellant Counsel failed to raise this issue**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    **Yes**

(2) If your answer to Question (d)(l) is "Yes," state: Type of motion or petition:

Type of motion or petition: **Post-Conviction Fla.R.Crim.P. 3.850**

AO 241(Rev. 09/17)

Name and location of the court where the motion or petition was filed: **19ᵗʰ Judicial Circuit Court, Polk County, Florida**

Docket or case number (if you know): **2017-CF-000817**

Date of the court's decision: **April 5, 2022**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?   **No**

(4) Did you appeal from the denial of your motion or petition?   **Yes**

(5) If your answer to Quest ion (d)(4) is "Yes," did you raise this issue in the appeal?   **Yes**

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal filed: **Second District Court of Appeal, Lakeland, Florida**

Docket or case number (if you know): **2D22-1525**

Date of the court's decision: **November 16, 2022**

Result (attach a copy of the court's opinion or order, if available): **Denied as PCA**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e)     Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground Three: **N/A**

**GROUND FOUR:**

**THE DEFENDANT, MR. ODOM, IS CLAIMING THAT HIS DEFENSE COUNSEL DID NOT PROVIDE HIM WITH ASSISTANCE THAT WAS EFFECTIVE WHEN HE FAILED TO MOVE TO SUPPRESS DNA EVIDENCE AS INCLUSIVE AND OPEN TO TAMPERING BY MOTHER OF VICTIM WHO HAD ALLEGED BIAS AGAINST THE DEFENDANT; AND HE FAILED TO PRESERVE THE ERROR FOR APPELLATE REVIEW BY PROPER MOTION TO SUPPRESS AND MOTION FOR NEW TRIAL AT THE END OF THE TRIAL LEVEL PROCEEDINGS.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**Mr. Odom's 6ᵗʰ and 14ᵗʰ Amendment due process rights were violated according to the U.S. Constitution when Mr. Odom's defense counsel failed to further question the victim's mother on how she touched the victim's vagina and contaminated the crime scene before any investigator arrived on the scene. And Mr. Cox failed to preserve the error for appellate review by proper motion to suppress and motion for new trial at the end of the trial-level proceedings.**

**According to Trial Court Transcripts, the victim's mother testified that she only patted her daughter's vagina and no questions were asked if she herself could have penetrated her daughter's vagina with her finger in an attempt to try to investigate if her daughter had been penetrated. Also, could it have been possible that the mother, in fact, scratched her own daughter's vagina during this patting of her vagina? No questions were asked as to what kind of wetness it was. Did her daughter urinate? Was it saliva? Too many unanswered questions and/or questions that were never asked by the defense counsel that would have given defense a more viable defense argument.**

AO 241(Rev. 09/17)

   Mr. Cox failed to give effective assistance of counsel because it is clear on the face that the Defendant, Mr. Odom, was not the last person who allegedly touched the victim's vagina thus leaving an entire array of questioning that Mr. Cox never took the advantage of asking. This type of questioning should have been common knowledge to a well-experienced attorney and should have been addressed at this critical stage of the mother's testimony. According to the mother's own testimony of her touching the victim's vagina, she tried to make her own assessment of what took place. She is not a professional and does not have the experience of authority to make an accurate testimony of what she observed of the victim's vagina without contaminating the crime scene. The reason why it was so crucial to ask the mother about how she touched the victim's vagina is so that, according to her answers, the defense could then corroborate her testimony with the expert witness's testimony in order to reveal whether or not the crime scene could have been contaminated or tampered with.

   This prejudiced Mr. Odom because it deprived him of the opportunity to reveal to the court and have the jury make a determination whether or not the crime scene had been contaminated. It also prejudiced Mr. Odom because it deprived him of the opportunity to file for a motion to suppress evidence due to the fact that evidence had been contaminated. Charges would have been dropped and/or Odom would have prevailed at trial without this false evidence.

(b) If you did not exhaust your state remedies on Ground Four, explain why: **N/A**

(c)   **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?  **No**

   (2) If you did not raise this issue in your direct appeal, explain why: **Appellate Counsel failed to raise this issue**

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  **Yes**

   (2) If your answer to Question (d)(l) is "Yes," state: Type of motion or petition:

   Type of motion or petition: **Post-Conviction Fla.R.Crim.P. 3.850**

   Name and location of the court where the motion or petition was filed: **10ᵗʰ Judicial Circuit Court, Polk County, Florida**

   Docket or case number (if you know): **2017-CF-000817**

   Date of the court's decision: **April 5, 2012**

   Result (attach a copy of the court's opinion or order, if available): **Denied**

   (3) Did you receive a hearing on your motion or petition?  **No**

   (4) Did you appeal from the denial of your motion or petition?  **Yes**

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  **Yes**

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal filed: **Second District Court of Appeal, Lakeland, Florida**

   Docket or case number (if you know): **2D22-1525**

   Date of the court's decision: **November 16, 2022**

AO 241(Rev. 09/17)

Result (attach a copy of the court's opinion or order, if available): **Denied as PCA**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e)  **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: **N/A**

**GROUND FIVE:**

**DEFENSE COUNSEL, MR. COX, ASSISTANCE WAS INEFFECTIVE FOR FAILING TO MOVE FOR A NEW TRIAL ADDRESSING THE WEIGHT OF THE EVIDENCE OF GUILT WHERE INCONCLUSIVE DNA EVIDENCE WAS PRESENTED; INCONSISTENT TESTIMONIES OF CHILD VICTIM/WITNESS; BIASED TESTIMONY OF MOTHER ETC. THE FAILURE TO FILE THE MOTION FOR NEW TRIAL PRECLUDED THE TRIAL JUDGE FROM ACTING AS SEVENTH JUROR AND BARED WEIGHT OF EVIDENCE FROM DIRECT APPELLATE REVIEW.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Odom's 6th and 14th Amendment due process rights were violated according to the U.S. Constitution when Mr. Cox failed to argue the fact that such a small amount of DNA was found that could have come from other parts of Mr. Odom's body besides saliva which Mr. Odom did not necessarily have to have any contact with the victim in order to have the DNA appear on her clothing. And the defense counsel failed to file motion for new trial precluded the Judge from acting as seventh juror and barred the weight of the evidence from direct appellate review by properly filed motion for new trial at the end of the trial level proceedings.

According to Trial Court Transcripts, the victim and the victim's mother both testified to the victim's vagina being wet from Mr. Odom's saliva and the victim's mother testified that she immediately called the police and the police took them to the hospital after the victim's mother patted her daughter's vagina and discovered that it was wet, yet, very little DNA was located around the crotch of the victim's underwear. The victim may have had other DNA in other parts of her clothing that could have possibly come from the Defendant as well. According to Trial Court Transcripts, there was only partial DNA and it such a small amount that it could not even be determined as to whether it was saliva, skin cells, etc. In fact, it is very consistent with some type of wrestling or playing with contact as the victim testified to in previous Trial Court Transcripts not included in this motion. Also, mentioned by the expert witness that they don't know what type of partial DNA it is. In other words, the DNA sample was so "minute" that they cannot say where the DNA came from. Only that it was enough to prove that the DNA belongs to Mr. Odom.

According to Trial Court Transcripts, there was no evidence found on the victim's body parts or in her vagina but only a very small "minute" piece that was located on her panties. This is not evidence enough to draw a conclusion that the Defendant indeed penetrated the victim, one could only assume and speculate due to circumstantial evidence that should not have amounted enough to conclude a guilty verdict. Also, according to Transcripts once again, there was a thorough swab testing done to the vaginal area, which is the area in which the victim said she was wet, but yet no DNA evidence was found "anywhere" on the victim's body or her vagina. Please keep in mind that Transcripts do mention that there was a lapse in time and once the police arrived, they went straight to the hospital. The victim's mother only testified that she patted the victim's vagina. There was no evidence to show if the victim's mother did, in fact, wash the victim's vagina or wiped it in anyway, then surely that would mean the mother lied about only patting the victim's vagina but actually did more to contaminate the crime scene and could have possibly cause the penetration herself.

(b) If you did not exhaust your state remedies on Ground Five, explain why: **N/A**

(c)  **Direct Appeal of Ground Five:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  **No**

AO 241(Rev. 09/17)

(2) If you did not raise this issue in your direct appeal, explain why: **Appellate Counsel failed to raise this issue**

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  **Yes**

(2) If your answer to Question (d)(l) is "Yes," state: Type of motion or petition:

Type of motion or petition: **Post-Conviction Fla.R.Crim.P. 3.850**

Name and location of the court where the motion or petition was filed: **10ᵗʰ Judicial Circuit Court, Polk County, Florida**

Docket or case number (if you know): **2017-CF-000817**

Date of the court's decision: **April 5, 2012**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?  **No**

(4) Did you appeal from the denial of your motion or petition?  **Yes**

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  **Yes**

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal filed: **Second District Court of Appeal, Lakeland, Florida**

Docket or case number (if you know): **2D22-1525**

Date of the court's decision: **November 16, 2022**

Result (attach a copy of the court's opinion or order, if available): **Denied as PCA**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e)    **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Five: **N/A**

**GROUND SIX:**

> **DEFENDANT, MR. ODOM, IS CLAIMING THAT HIS DEFENSE ATTORNEY'S ASSISTANCE WAS NOT EFFECTIVE BECAUSE DURING CROSS-EXAMINATION OF EXPERT WITNESS WHO TESTIFIED THAT VICTIM HAD PINWORMS AROUND HER ANUS, DEFENSE FAILED TO ASK MORE OBVIOUS AND LOGICAL QUESTIONS REGARDING THIS MEDICAL CONDITION AND HE FAILED TO PRESERVE THE "WEIGHT OF THE EVIDENCE" ISSUE FOR APPELLATE REVIEW BY PROPERLY FILED MOTION FOR NEW TRIAL AT THE END OF THE TRIAL LEVEL PROCEEDINGS.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241(Rev. 09/17)

Mr. Odom's 6th and 14th Amendment due process rights were violated according to the U.S. Constitution once the State considers the fact that the defense counsel showed little effort in seeking the truth when he failed to dig deeper in his cross-examination of the expert witness on how relevant that this infection of pinworms can be considering symptoms relating to sexual abuse or contact. And he failed to preserve the weight of the evidence issue for appellate review by properly filing a motion for new trial at the end of the trial level proceedings.

According to Trial Court Transcripts, the expert witness testified upon cross-examination that the victim had little white worms that caused itching. The defense counsel only challenged the fact that the pinworms did not come from sexual transactions. Mr. Cox never made any attempt to make a connection with the fact that if these pinworms can travel or be transferred, is it possible that it could also cause the vagina to itch as well and is it possible that the victim could have possibly been scratching her own vagina and causing redness in her vaginal area? Was her anal area red from these pinworms? The defense counsel never made a connection that two siblings were at home alone lying on the floor could have experimented with sex causing penetration before Mr. Odom came to the residence? Did the victim and her brother ever have sexual relations with each other while their mother was away? Did anybody test the brother as well to see if his sister's DNA was there? Why was there none of Mr. Odom's DNA found up inside of the victim?

On Trial Court Transcripts, the expert witness could not make a determination if the victim had been penetrated by a penis or a finger or tongue or any other object.

This lack of questioning prejudiced Mr. Odom because it deprived him of a viable defense and proving that the victim scratching her own self on her vagina and the redness, swelling, and itching was caused by the pinworms after the pinworms had already been on her vagina and spread to her anus. Thus proving that Mr. Odom did not place his finger inside of the victim and causing a scratch and redness of the victim's vagina. Mr. Odom would have won trial had the jurors known that the victim's red, scratched, and swollen vagina was caused by her own doing.

(b) If you did not exhaust your state remedies on Ground Six, explain why: **N/A**

(c)    **Direct Appeal of Ground Six:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?   **No**

    (2) If you did not raise this issue in your direct appeal, explain why: **Appellate Counsel failed to raise this issue**

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   **Yes**

    (2) If your answer to Question (d)(l) is "Yes," state: Type of motion or petition:

    Type of motion or petition: **Post-Conviction Fla.R.Crim.P. 3.850**

    Name and location of the court where the motion or petition was filed: **10th Judicial Circuit Court, Polk County, Florida**

    Docket or case number (if you know): **2017-CF-000817**

    Date of the court's decision: **April 5, 2012**

    Result (attach a copy of the court's opinion or order, if available): **Denied**

    (3) Did you receive a hearing on your motion or petition?   **No**

    (4) Did you appeal from the denial of your motion or petition?   **Yes**

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   **Yes**

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal filed: **Second District Court of Appeal, Lakeland, Florida**

Docket or case number (if you know): **2D22-1525**

Date of the court's decision: **November 16, 2022**

Result (attach a copy of the court's opinion or order, if available): **Denied as PCA**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e)      **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Six: **N/A**

**GROUND SEVEN:**

> **THE DEFENDANT/PETITIONER, IS CLAIMING THAT HIS ATTORNEY'S ASSIS-
> TANCE WAS INEFFECTIVE FOR NOT OBJECTING TO AN ILLEGAL CONVICTION
> AND ILLEGAL SENTENCE DUE TO SCORESHEET ERROR AND FUNDAMENTAL
> ERROR FOR CHARGING AND CONVICTING DEFENDANT TO A NON-EXISTING
> STATUE AND DOUBLE JEOPARDY FOR FLA.STAT. ATTEMPTED LEWD AND LAS-
> CIVIOUS BATTERY, WHERE NO DISTINCTION IN STATUES §800.04(4)(A)1 BUT
> YET IT WAS ALSO USED AS A LESSER-INCLUDED OFFENSE TO LEWD AND LAS-
> CIVIOUS BATTERY CHARGES ON HIS INFORMATION DOCUMENT.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner's 6th and 14th Amendment due process rights were violated according to the U.S. Constitution when his trial court counsel failed to object to fundamental errors during his conviction, penalty, and sentencing phase.

According to Exhibits, there is no Attempted Lewd and Lascivious Battery located under Fla.Stat. §800.04(4)(a)1 which makes a argument for fundamental error of the court allowing the jurors to believe there are two separate acts committed in one episode which is evident in the guideline scoresheet where there are points calcu-lated for each charge and there are only injury points for one charge. That statue itself reads that penetration and having union with, is one and the same is a 2nd degree felony. Lewd and Lascivious Child Molestation should have been a lesser-included offense for Lewd and Lascivious Battery.

According to Fla.R.Crim.P. 3.701(d)(7), provides that, in sentencing, victim injury shall be scored for each victim physically injured during a criminal episode or transaction. Applying the rule, it is error to score points for victim injury for each count, rather, victim injury may be scored only once according to its cumulative severity. Odom should not have been scored twice because these charges are in the same episode according to statue on the face of the record.

Defense Counsel Mr. Cox showed that his assistance was not effective when he failed to make an objection during Odom's judgment of acquittal concerning him being convicted twice of the same crime and causing error in his scoresheet points. This prejudiced Odom (Petitioner) because it allowed the jury to believe that there were two different crimes committed on one victim when there was no substantial, and/or physical evidence, that a sexual crime had been committed by Odom. Petitioner was charged with 2 counts of Lewd and Lascivious Battery but was convict-ed of both primary offenses and lesser-included offense in which the lesser-included offense was non-existent  and there was not a jury instruction created that could instruct an attempted lewd and lascivious battery.

(b) If you did not exhaust your state remedies on Ground Seven, explain why: **N/A**

(c)      **Direct Appeal of Ground Seven:**

AO 241(Rev. 09/17)

      (1) If you appealed from the judgment of conviction, did you raise this issue?  **No**

      (2) If you did not raise this issue in your direct appeal, explain why: **Appellate Counsel failed to raise this issue**

**(d) Post-Conviction Proceedings:**

      (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  **Yes**

      (2) If your answer to Question (d)(l) is "Yes," state: Type of motion or petition:

         Type of motion or petition: **Post-Conviction Fla.R.Crim.P. 3.850**

         Name and location of the court where the motion or petition was filed: **10th Judicial Circuit Court, Polk County, Florida**

         Docket or case number (if you know): **2017-CF-000817**

         Date of the court's decision: **April 5, 2012**

         Result (attach a copy of the court's opinion or order, if available): **Denied**

      (3) Did you receive a hearing on your motion or petition?  **No**

      (4) Did you appeal from the denial of your motion or petition?  **Yes**

      (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  **Yes**

      (6) If your answer to Question (d)(4) is "Yes," state:

         Name and location of the court where the appeal filed: **Second District Court of Appeal, Lakeland, Florida**

         Docket or case number (if you know): **2D22-1525**

         Date of the court's decision: **November 16, 2022**

         Result (attach a copy of the court's opinion or order, if available): **Denied as PCA**

      (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Seven: **N/A**

**GROUND EIGHT:**

          **THE DEFENDANT, MR. ODOM , IS CLAIMING THAT HIS ATTORNEY'S AS-
SISTANCE WAS INEFFECTIVE WHEN COUNSEL MISADVISED HIM ABOUT
TESTIFYING ON HIS OWN BEHALF AND ALSO MISADVISED HIM CON-
CERNING HIS PLEA ARRAIGNMENT BECAUSE HE WAS NOT MADE
AWARE OF HIS HO STATUS UNTIL IT WAS TOO LATE.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

      Mr. Odom's 6th and 14th Amendment due process rights were violated according to the U.S. Constitution, under an ineffective assistance of counsel claim, Defendant must fall under a two-prong test to determine whether the

Defendant's Sixth Amendment right to a fair trial has been violated. The first prong of the Strickland analysis requires a showing of a deficient performance in which Mr. Cox's performance would be considered deficient if the State would agree that his attorney misadvised him when he did not fully explain to Mr. Odom whether or not he qualified as HO status telling Mr. Odom that he would not be found guilty as a Habitual Offender if he were to go to trial and lose because he did not qualify as a Habitual Offender. Mr. Odom was made to believe by his attorney that his prior would need to have been all violent in order to qualify as a Habitual Offender. If Mr. Odom had fully understood the consequences of his plea and understood the truth about his HO status, then he would have decided to plea out rather than go to trial.

Mr. Odom's defense counsel told Mr. Odom of a 10-year plea offer in which his defense counsel confirmed to Mr. Odom that he feels there was not enough evidence for the State to gain a conviction. This was Mr. Odom's understanding. His defense counsel also informed Mr. Odom that he would not qualify under any HO status because of his priors.

The second-prong is that the deficiency in counsel's performance caused the defense and Mr. Odom to be prejudiced by the Court and jurors because when Mr. Odom's defense counsel misadvised him that he did not qualify as a HO status and that if he testified on his own behalf, it deprived him of two (2) parts that violated his due process rights. The first part is it deprived him of the opportunity to not be sentenced as a Habitual Offender to thirty (30) years. The he would have taken the 10-year plea deal. He is claiming that he did not accept the deal because he was misadvised by his attorney that he would not qualify. The second part is once trial was started, the defense counsel misadvised Mr. Odom not to testify on his own behalf because he would lose trial if he did not have any witnesses to corroborate his testimony. This misadvice from the defense attorney also prejudiced Mr. Odom because it deprived him of providing a rebuttal testimony for the jurors to gather additional evidence to show that the victim was not truthful in her testimony.

It is because of the misadvice of the defense counsel that made Mr. Odom believe that his best interest was to go to trial because he could win without testifying because there was not enough evidence and he was not a qualifying HO.

And when the defense counsel did this, it violated Mr. Odom's due process rights because it deprived Mr. Odom of fully being informed about the facts and consequences of not taking the 10-year plea deal therefore any reasonable person that does not have the full details and facts about the consequences of their trial and plea negotiations cannot make a reasonable decision that would be in his best interest.

(b) If you did not exhaust your state remedies on Ground Eight, explain why: **N/A**

(c)    **Direct Appeal of Ground Eight:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   **No**

(2) If you did not raise this issue in your direct appeal, explain why: **Appellate Counsel failed to raise this issue**

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   **Yes**

(2) If your answer to Question (d)(l) is "Yes," state: Type of motion or petition:

Type of motion or petition: **Post-Conviction Fla.R.Crim.P. 3.850**

Name and location of the court where the motion or petition was filed: **10ᵗʰ Judicial Circuit Court, Polk County, Florida**

Docket or case number (if you know): **2017-CF-000817**

Date of the court's decision: **April 5, 2012**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?   **No**

(4) Did you appeal from the denial of your motion or petition?   **Yes**

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   **Yes**

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal filed: **Second District Court of Appeal, Lakeland, Florida**

Docket or case number (if you know): **2D22-1525**

Date of the court's decision: **November 16, 2022**

Result (attach a copy of the court's opinion or order, if available): **Denied as PCA**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Eight: **N/A**

**GROUND NINE:**

> **MR. ODOM'S DEFENSE COUNSEL DID NOT PROVIDE HIM WITH ASSISTANCE THAT WAS EFFECTIVE WHEN HE FAILED TO REMOVE JUROR BELINDA LEONARD FROM THE JURY WHERE SHE WAS A FORMER EMPLOYEE IN LAW ENFORCEMENT AND HAD A FAMILY MEMBER WHO WAS A VICTIM OF SEXUAL BATTERY, THUS VIOLATING HIS 6TH AND 14TH AMENDMENT RIGHTS TO THE U.S. CONSTITUTION.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

During jury selection, Mr. Cox showed deficiency when he failed to provide assistance that was effective because he did not move to remove Ms. Belinda Leonard from the jury selection after it was made known that she was a former employee in law enforcement and she had a family member who was also a victim of sexual battery. Even though that sexual battery had nothing to do with Mr. Odom's case, there still was no justifiable reason to allow a juror on duty who not only worked for law enforcement for years but also has a family member who was a victim of a sex crime.

This also prejudiced the defense because it deprived Mr. Odom of the opportunity to have a juror who has no knowledge of the law and fair minded without any personal grudges. There is no way of telling if Ms. Belinda Leonard had any grudges and/or personal vendettas against sexual offenders. Ms. Leonard could have very well voted guilty vindictively without thoroughly viewing all evidence and in doing help to convict an innocent man. This is a violation of Mr. Odom's due process rights and Equal Protection Clause according to the 6th and 14th Amendment of the U.S. Constitution.

(b) If you did not exhaust your state remedies on Ground Nine, explain why: **N/A**

(c)    **Direct Appeal of Ground Nine:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   **No**

(2) If you did not raise this issue in your direct appeal, explain why: **Appellate Counsel failed to raise this issue**

AO 241(Rev. 09/17)

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  **Yes**

(2) If your answer to Question (d)(l) is "Yes," state: Type of motion or petition:

Type of motion or petition: **Post-Conviction Fla.R.Crim.P. 3.850**

Name and location of the court where the motion or petition was filed: **10th Judicial Circuit Court, Polk County, Florida**

Docket or case number (if you know): **2017-CF-000817**

Date of the court's decision: **April 5, 2012**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?  **No**

(4) Did you appeal from the denial of your motion or petition?  **Yes**

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  **Yes**

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal filed: **Second District Court of Appeal, Lakeland, Florida**

Docket or case number (if you know): **2D22-1525**

Date of the court's decision: **November 16, 2022**

Result (attach a copy of the court's opinion or order, if available): **Denied as PCA**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Nine: **N/A**

**GROUND TEN:**

> **DEFENDANT, MR. ODOM, IS CLAIMING INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE DEFENSE COUNSEL NEITHER OBJECTED OR INCLUDE COURT ERROR BY THE STATE IN CLOSING ARGUMENTS, THUS VIOLATING HIS 6TH AND 14TH AMENDMENT RIGHTS TO THE U.S. CONSTITUTION.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Odom is claiming that his counsel did not provide him with assistance that was effective when he did not object nor include this error in his closing arguments.

It is shown on the face of the record that the court was in error when the State was allowed to state the fact that the victim mad contradictory statements about penetration because it was more than likely that the victim was too young to even know what penetration was and what it meant. It was very possible that the victim did know what penetration meant, making it unreasonable and unrealistic because it has been nearly two years from the alleged inci-

AO 241(Rev. 09/17)

dent making it "statistically" impossible that the victim would not have known or heard by now what penetration was. This was a tactic used to cloud the jury and bolster the witness and cause prejudice against the defense. This also prejudiced because it deprived Mr. Odom of the opportunity to make known to the jury that victim was being coerced and Mr. Cox failed every opportunity to show the jury that the State is using fundamental unfairness because they cannot prove that the victim even knew what penetration was. Thus violating Mr. Odom's Sixth Amendment due process and Fourteenth Amendment Equal Protection Clause under the U.S. Constitution.

(b) If you did not exhaust your state remedies on Ground Ten, explain why: **N/A**

(c)    **Direct Appeal of Ground Ten:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  **No**

(2) If you did not raise this issue in your direct appeal, explain why: **Appellate Counsel failed to raise this issue**

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  **Yes**

(2) If your answer to Question (d)(l) is "Yes," state: Type of motion or petition:

Type of motion or petition: **Post-Conviction Fla.R.Crim.P. 3.850**

Name and location of the court where the motion or petition was filed: **10th Judicial Circuit Court, Polk County, Florida**

Docket or case number (if you know): **2017-CF-000817**

Date of the court's decision: **April 5, 2012**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?  **No**

(4) Did you appeal from the denial of your motion or petition?  **Yes**

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  **Yes**

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal filed: **Second District Court of Appeal, Lakeland, Florida**

Docket or case number (if you know): **2D22-1525**

Date of the court's decision: **November 16, 2022**

Result (attach a copy of the court's opinion or order, if available): **Denied as PCA**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e)    **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Ten: **N/A**

AO 241(Rev. 09/17)

**GROUND ELEVEN:**

### INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO OBJECT TO CHILD HEARSAY ADMISSIBILITY VIOLATING THE DEFENDANT'S 6TH AND 14TH AMENDMENT RIGHTS TO THE U.S. CONSTITUTION.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

       The child victim was 13-14 years of age at the time of trial and she was a very mature 13-14 year old. Therefore her ability to testify undermined the need for the admissibility of her child hearsay statements. According to Exhibits, it is the transcript order granting the admissibility of hearsay evidence from expert witness but the order does not track the statutory requirements and the defense counsel failed to object and make it known to the Court because the child victim was old enough to testify on her own behalf and did testify. Therefore, the admissibility of child hearsay evidence could only cloud the minds of the jury and bolster the witness.

       This prejudiced the Defendant because child hearsay evidence legislative intent is to be used in the event that a child is too young to testify on her own behalf and the admissibility of this evidence gave more assumptions and accusations of the Defendant's guilt that would not otherwise made known to the jury. Mr. Odom was deprived of the right to challenge this hearsay evidence thus violating his due process and Equal Protection Clause under the 6th and 14th Amendments to the U.S. Constitution.

(b) If you did not exhaust your state remedies on Ground Eleven, explain why: N/A

(c)     **Direct Appeal of Ground Eleven:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?  **No**

    (2) If you did not raise this issue in your direct appeal, explain why: **Appellate Counsel failed to raise this issue**

**(d) Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  **Yes**

    (2) If your answer to Question (d)(l) is "Yes," state: Type of motion or petition:

       Type of motion or petition: **Post-Conviction Fla.R.Crim.P. 3.850**

       Name and location of the court where the motion or petition was filed: **10th Judicial Circuit Court, Polk County, Florida**

       Docket or case number (if you know): **2017-CF-000817**

       Date of the court's decision: **April 5, 2012**

       Result (attach a copy of the court's opinion or order, if available): **Denied**

    (3) Did you receive a hearing on your motion or petition?  **No**

    (4) Did you appeal from the denial of your motion or petition?  **Yes**

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  **Yes**

    (6) If your answer to Question (d)(4) is "Yes," state:

       Name and location of the court where the appeal filed: **Second District Court of Appeal, Lakeland, Florida**

AO 241(Rev. 09/17)

Docket or case number (if you know): **2D22-1525**

Date of the court's decision: **November 16, 2022**

Result (attach a copy of the court's opinion or order, if available): **Denied as PCA**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Eleven: **N/A**

**GROUND TWELVE:**

## TRIAL COUNSEL WAS INEFFECTIVE FOR CUMULATIVE ERROR, DEPRIVING MR. ODOM OF EFFECTIVE ASSISTANCE OF COUNSEL.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**Mr. Keith J. Odom was denied 5th, 6th, and 14th Amendment Constitutional rights based on the cumulative effect of counsel's errors. Throughout his motion, Mr. Odom has raised legally sufficient grounds with common language, liberal means, and *pro-se* understandings. We pray that the Court will use liberal means in considering each issue individually, that would be enough to satisfy both the deficient and prejudice prongs required to establish an ineffective assistance of counsel claim. When these grounds are considered in totality, there can be no doubt that the cumulative effect of counsel's errors denied Mr. Odom a fair trial, due process of law, and the effective assistance of counsel. Each issue raised in this motion are so closely intertwined that each error committed by counsel created a ripple effect so damaging that it became virtually impossible to raise the level of reasonable doubt needed to be found not guilty.**

**Because of counsel's cumulative errors, counsel's entire performance was deficient and Mr. Odom was grossly prejudiced. Further, the totality of counsel's errors made it impossible to be justified for the defense that the victim and her mother were being untruthful to deceive the Court into believing that Mr. Odom committed these offenses. There can be nothing more prejudicial to Mr. Odom then to be given no chance for a fair trial.**

**Under the totality of the circumstances, counsel's actions and omissions clearly fell outside the wide range of latitude or professional conduct allowed to an attorney in a criminal trial. But for counsel's numerous errors, more than reasonable probability exists that the results of the Petitioner's trial would have been different.**

(b) If you did not exhaust your state remedies on Ground Twelve, explain why: **N/A**

(c)    **Direct Appeal of Ground Twelve:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   **No**

(2) If you did not raise this issue in your direct appeal, explain why: **Appellate Counsel failed to raise this issue**

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   **Yes**

(2) If your answer to Question (d)(l) is "Yes," state: Type of motion or petition:

Type of motion or petition: **Post-Conviction Fla.R.Crim.P. 3.850**

Name and location of the court where the motion or petition was filed: **10th Judicial Circuit Court, Polk County, Florida**

AO 241(Rev. 09/17)

Docket or case number (if you know): **2017-CF-000817**

Date of the court's decision: **April 5, 2012**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?    **No**

(4) Did you appeal from the denial of your motion or petition?    **Yes**

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    **Yes**

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal filed: **Second District Court of Appeal, Lakeland, Florida**

Docket or case number (if you know): **2D22-1525**

Date of the court's decision: **November 16, 2022**

Result (attach a copy of the court's opinion or order, if available): **Denied as PCA**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Twelve: **N/A**

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    **Yes**

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:    **N/A**

(b)    Is there any ground in this petition that has not been presented in some state or federal court?    **No**

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    **No**

Name and location of the court where the appeal filed:    **N/A**

Type of Proceeding:    **N/A**

Issues raised:    **N/A**

Docket or case number (if you know):    **N/A**

Date of the court's decision:    **N/A**

Result (attach a copy of the court's opinion or order, if available):    **N/A**

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?  **No**

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

**N/A**

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judg-

ment you are challenging:

(a) At preliminary hearing:  **N/A**

(b) At arraignment and plea:  **N/A**

(c) At trial:  **Kevin Cox**

(d) At sentencing:  **Kevin Cox**

(e) On appeal:  **N/A**

(f) In any post-conviction proceeding:  **Pro-Se**

(g) On appeal from any ruling against you in a post-conviction proceeding:  **Pro-Se**

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?

**No**

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:  **N/A**

(b) Give the date the other sentence was imposed:  **N/A**

(c) Give the length of the other sentence:  **N/A**

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served

in the future?  **No**

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must
explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]
    **Petition is timely filed after proper and timely filed mandate December 12, 2022, after District Court's final
decision dated November 16, 2022. This Petition has been properly tolled from the Judgment and Sentencing date of
September 11, 2018.**

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

        (A)    The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

AO 241(Rev. 09/17)

THEREFORE, Petitioner asks that the Court grant the following relief:

**Reverse and Remand for New and/or Vacate Sentence. And/or any other relief in Petitioner maybe entitled.**

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _March_____, _2 th_____, _2023_

(month, date, year).

Executed (signed) on _____(date).

_Keith Odom_
Signature of Petitioner
Keith J. Odom DC# 395623
Century Correctional Institution
400 Tedder Road
Century, FL 32535

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

PROV ⸺ ⸺
ᴄ ⸺

MAR 0 1 2023
FOR MAILING
RECEIVED BY_____

AO 241(Rev. 09/17)

**Petition for Relief From a Conviction or Sentence**
**By a Person in State Custody**

**(Petition Under 28 U.S.C. §2254 for a Writ of habeas Corpus)**

**Instructions**

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence in the future, you should file a motion under 28 U.S.C. § 2254in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement or a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit a additional or correct information. If you want to submit any legal arguments, you must submit in a separate memorandum. Be aware that any memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6.  You must pay a fee of $5.00 if the fee is paid, your petition will be filed. If you cannot pay the fee, you must ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____, you must pay the filing fee.

7.  In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state of in different states), you must file a separate petition.

8.  When you have completed this form, send the original and _____copies the he Clerk of the Clerk of the United States District Court at this address:

**Clerk, United states District Court for**
**Address**
**City, State Zip Code**

   If you want a field-stamped copy of the petition, you must enclose an additional copy and ask the court to file-stamp it and return it to you.

9.  **CAUTION: You may include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds n this petition, you may be barred from presenting additional grounds at a later date.**

10. **Capitol cases: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

MAR 0 1 2023

FOR MAILING
RECEIVED BY